HERBERT JACOBS, PLAINTIFF-APPELLANT, v.
ROSALYN JACOBS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 17, 1968—Decided August 12, 1968.

Before Judges CONFORD, LABRECQUE and HALPERN.

*Mr. Seymour M. Karas* argued the cause for appellant (*Mr. Emil Weisser,* attorney).

*Mr. Robert J. C. McCoid* argued the cause for respondent (*Messrs. Schneider & Morgan,* attorneys).

PER CURIAM. Plaintiff Herbert Jacobs petitioned the Superior Court, Chancery Division to order his divorced wife, defendant Rosalyn Jacobs, to show cause why she should not produce their minor daughter Debora for depositions and be restrained from further proceeding with an action instituted by her in New York seeking redress for injuries sustained by Debora in 1966. From the denial of the requested relief plaintiff brings this appeal.

Two children, Marsha and Debora, were born of the marriage between the parties. On May 22, 1966, while playing in the parking lot adjoining their apartment (Carlton Towers) in Passaic, Debora's left hand became caught in

an electronically activated mechanical gate which guarded the parking lot entrance, causing allegedly severe and permanent injuries. Extensive medical treatment was required, the cost of which was discharged by or on behalf of Herbert, the father. Debora is still receiving treatment and while we are uninformed as to the extent thereof Herbert apparently continues to pay for her treatment.

Some time after the accident, Herbert instituted a divorce action against his wife. On April 11, 1967, a judgment *nisi* was entered in the Chancery Division granting the divorce. Custody of the children was awarded to Rosalyn. Herbert was ordered to pay the sum of $75 weekly for their support and maintenance and to "pay for all medical, dental, hospital, drug and nursing bills for said minor children." A property settlement agreement entered into by the parties was incorporated into the decree. Under the agreement Herbert further agreed to "pay any * * * medical * * * bills incurred by Wife or the children which are or may be still unpaid, incurred prior to the entry of the order for support in the divorce action."

On June 13, 1967, Rosalyn, through New York attorneys, instituted an action in New York seeking redress for Debora's injuries. The complaint sought recovery for Debora's injuries as her guardian *ad litem*. It also contained a claim for the loss of her services and for medical expenses. Named as parties defendants were the owners of the apartment, Carlton Tower Company, a partnership having its principal office in New York, the managers of the apartment, Delta Sales Corporation, a Mississippi corporation authorized to do business in New York, and Auto-Magic Door Opener Corporation, a New York corporation which had manufactured, installed and maintained the mechanical gate.

On August 1, 1967 Herbert instituted a second action, in his own right and as guardian *ad litem* for Debora, in the Law Division, Passaic County against Carlton Tower Company, for the child's injuries. In his individual claim he sought recovery for loss of the child's services and for medical expenses.

Carlton Tower Company answered Herbert's complaint through its New Jersey attorneys. They thereafter sought to take Debora's deposition but were informed by Herbert's attorney that Rosalyn, upon the advice of her New York attorneys, would not produce her.

Herbert thereupon filed the present petition to compel production of the child and restrain defendant from further proceeding with the New York action. In denying the relief sought the court ruled that under *N. J. S. A.* 9:1-1 Rosalyn was the proper party to sue for loss of the child's services; that while the parent who actually pays for medical expenses caused or incurred as the result of tortious conduct is entitled to recover such expenditures, here Rosalyn had unequivocally represented to the court at the hearing that Herbert would be reimbursed for such expenditures, therefore she and not Herbert should be permitted to maintain the action for medical expenses.

Absent from the opinion is discussion of the court's reasons for denying the request that the child be produced for deposition by Carlton Tower Company. Since the propriety of the denial has not been briefed or argued, and will become moot because of the disposition of this appeal, we need not be concerned with it. *R. R.* 1:7-1 (*c*); *Cannon v. Krakowitch,* 54 *N. J. Super.* 93, 96 (*App. Div.* 1959)

Parenthetically, we note that Carlton Tower Company has moved to dismiss Herbert's action against it in the Law Division. Argument on that motion has been held in abeyance pending our decision here.

Proceeding then to the main issue, we are called upon to determine whether the lower court's refusal to enjoin Rosalyn from further proceeding with her New York suit was error and, if not, whether the order entered thereon adequately safeguarded plaintiff Herbert Jacobs' interest in recovering, in the New York action, the medical expenses incurred and to be incurred by him as a result of the allegedly tortious conduct of defendants. We conclude that while the motion to restrain the prosecution of defendant's action in

New York was properly denied, the interests of the plaintiff father were not adequately safeguarded.

■ We are in agreement that on the facts before us *N. J. S. A.* 9:1–1 precludes an order restraining defendant from further proceeding in New York with her claim for loss of the child's services. See *Pangborn v. Central Railroad Co. of N. J., 32 N. J. Super.* 289, 299 (*App. Div.* 1954), modified on other grounds 18 *N. J.* 84 (1955); *Brennan v. Biber,* 93 *N. J. Super.* 351, 371 (*Law Div.* 1966), affirmed 99 *N. J. Super.* 247 (*App. Div.* 1968). As to the claim for medical expenses, the parent whose funds are used to pay, or who remains legally obligated to pay such expenses, is the one generally entitled to recover therefor. *Brennan v. Biber, supra,* at *p.* 362; *Bush v. Bush,* 95 *N. J. Super.* 368, 379–380 (*Law Div.* 1967). Here it is agreed that the medical expenses were paid by plaintiff, either directly or by insurance companies on his behalf under policies the premiums for which were paid by him. Under the terms of the divorce decree he remains legally obligated to pay any future expenses for Debora's treatment.

■ We are not satisfied that plaintiff's interest in recovering the expenses incurred or to be incurred by him were adequately protected by the oral representation at the hearing below that he would be reimbursed at a future date for his out-of-pocket medical expenses and "insurance premiums." Denial of the relief sought by plaintiff's petition should be made conditional upon the segregation of all sums recovered, whether by judgment, settlement or otherwise, for the past, present and future medical expenses of Debora, and the execution of a written agreement by the defendant providing, in substance, that any manies recovered or received by her therefor are to be held by her in trust for the purpose of satisfying plaintiff's lawful claim thereto. From such fund, an amount representing all sums paid by plaintiff prior to April 11, 1967, the date of the decree *nisi,* whether directly or through payment by insurance companies on plaintiff's behalf, shall be forthwith paid over to plaintiff. Upon the cessation of treatment for Debora's in-

juries, or upon her attaining her majority, whichever occurs sooner, the balance held in trust by defendant shall be paid over to plaintiff to the extent of any additional sums paid by him or on his behalf from April 11, 1967 onward.

The order of the Chancery Division is directed to be modified accordingly, and as modified, it is affirmed.

No costs.